IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : Crim. No. 1:12-cr-107
:
:
v. :
:
:
**TERLAZZO WILTSHIRE** : Judge Sylvia H. Rambo

**M E M O R A N D U M**

Before the court is Terlazzo Wiltshire's motion to vacate his sentence pursuant to 28 US.C. § 2255.[1] In the motion, Wiltshire alleges that his trial counsel was incompetent because he: (1) failed to adequately prepare for the sentencing proceeding; (2) failed to challenge Wiltshire's criminal history on the basis that he was not represented by counsel in the prior cases; and (3) failed to challenge the burglary and sexual abuse convictions as inadequate predicates for the career offender enhancement. (Doc. 77, pp. 4, 5, & 8.)

**I.  Background**

On January 10, 2013, Wiltshire pled guilty to a count of distribution and possession with intent to distribute cocaine and cocaine base and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On August 7, 2013, a sentencing proceeding was held during which both counsel and Wiltshire spoke. Based on the career offender enhancement, Wiltshire was sentenced to 151 months of imprisonment, which was the low end of a

---
[1] This court finds that the motion is timely. (*See* Doc. 113 at p. 2 & Doc. 86 at p. 1.)

guideline range of 151 to 188 months. The sentence was affirmed by the Court of Appeals. *See United States v. Wiltshire*, 568 F. App'x 132 (3d Cir. 2014) (non-precedential).

## II. Legal Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). Both prongs must be established. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires the defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman*

*v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advise given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

### III. Discussion

Initially Wiltshire challenged his criminal convictions supporting the career offender enhancement based upon the United States Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).

3

However, in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), the Court held that *Johnson* applied to the sentencing guidelines and invalidated the identically worded residual clause of § 4B1.2(a)(2), but held that in the context of the Sentencing Guidelines, *Johnson* announced a new procedural rule that was not retroactive on collateral review.

In light of this, Wiltshire has withdrawn his arguments based upon *Johnson* (Doc. 104) as well as his argument respecting the absence of counsel in his New York cases (Doc. 97, p. 22).

The remaining issues are (1) counsel's lack of preparedness and (2) failure of counsel to challenge Wiltshire's New York burglaries as predicates supporting the career offender enhancement.

Wiltshire's argument concerning counsel's unpreparedness appears to be based on the fact that counsel's sentencing memo was untimely and therefore this court did not accept it. However, counsel was permitted to present arguments on behalf of Wiltshire. Prior to sentencing, this court was prepared to not give Wiltshire the benefit of a three-point reduction for acceptance of responsibility. His guideline range would have been 210 to 262 months. However, at sentencing the court was convinced by counsel to grant Wiltshire the three-point reduction giving him an imprisonment time of 151 months. Counsel was not ineffective on this issue.

Wiltshire also argues that his counsel was ineffective for not raising the issue that his two prior New York second degree burglary convictions could not qualify as predicate crimes for purposes of applying the career offender enhancement because the convictions did not constitute violent felonies. On this issue the government's position will be taken.

The two burglaries were committed in 1997 and Wiltshire was sentenced in 1999. At that time, USSG § 4B1.2(a)(2) was in effect. At the time of his sentence in this court, the Court of Appeals for the Second Circuit found in interpreting its own statute that second and third degree burglaries were crimes of violence within the meaning of USSG § 4B1.2(a)(2). *See United States v. Brown*, 514 F.3d 256, 269 (2nd Cir. 2008); *United States v. Parnell*, 524 F.3d 166, 171 (2nd Cir. 2008); *United States v. Carney*, 570 F. App'x 91, 92-93 (2nd Cir. 2014).

Counsel's failure to determine whether the burglaries were crimes of violence does not amount to ineffectiveness when such an investigation would have shown that the burglaries were considered qualifying convictions under New York law. Wilthsire was not prejudiced by counsel's failure to investigate the New York record.

## IV. **Conclusion**

Based on the above, the § 2255 motion will be denied. An appropriate order follows.

                                                 s/Sylvia H. Rambo  
                                                 SYLVIA H. RAMBO  
                                                 United States District Judge

Dated: November 20, 2017